MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
CHRISTINE M. EMANUELSON (SBN 221269)
cemanuelson@ hineshamptonllp.com
MONICA D. DIB, (SBN 222106)
mdib@hineshamptonllp.com
HINES HAMPTON LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.:   (714) 513-1122
Fax:   (714) 242-9529

Attorneys for Defendant, AMCO INSURANCE COMPANY, erroneously sued
herein as NATIONWIDE INSURANCE

DOUG ILER (SBN 235350)
ILER LAW FIRM
2192 Dupont Drive, Ste 105 B
Irvine, CA 92612
Tel: (714) 333-8282
Fax: (714) 362-2510
doug@ilerfirm.com
Attorneys for Plaintiffs, PLATINUM PROPERTIES INVESTOR NETWORK,
INC. and JASON HARTMAN

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINUM PROPERTIES INVESTOR NETWORK, INC., a California corporation; and JASON HARTMAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONWIDE INSURANCE, and DOES 1 through 100, <br><br> Defendants. | CASE NO. 8:14-cv-01321-AG-JCG <br><br> Hon. Jay C. Gandhi <br> Courtroom: 6A <br><br> **STIPULATED PROTECTIVE ORDER REGARDING PRIVILEGED DOCUMENTS PRODUCED BY LEE HARDEE, ESQ. AND THE HARDEE LAW FIRM LLC AND JEFF BAKER, ESQ. AND SANDERS, WARREN & RUSSELL, LLP AND DEPOSITIONS OF LEE HARDEE, ESQ. AND JEFF BAKER, ESQ.** <br><br> Discovery Cutoff:   January 5, 2016 <br> Pretrial Conference: March 21, 2016 <br> Trial Date:           April 5, 2016 |

1
STIPULATED PROTECTIVE ORDER

## 1.  A. <u>PURPOSES AND LIMITATIONS</u>

Plaintiffs, Platinum Properties Investor Network, Inc. and Jason Hartman ("Plaintiffs"), Defendant, AMCO Insurance, Co. ("AMCO") and Third Parties, Lee R. Hardee III, Esq. and The Hardee Law Firm LLC (collectively referred to as "Hardee") and Jeff Baker, Esq. and Sanders, Warren  & Russell, LLP ("collectively referred to as "Baker") (hereinafter, the "Parties") agree that they each may possess information relating to the subject matter of this case which is or could be confidential or proprietary. The Parties agree that protection of the categories of confidential information and attorney-client privileged information, identified in this Stipulated Protective Order ("Protective Order"), is necessary because it is anticipated that in this case documents and information will be requested which relate to the previous representation of the Plaintiffs and non-parties, Karen Karanickolas, Brittney Roberts and David Toombs by Hardee, and of the Plaintiffs by Baker in the case styled *Results Property Management, LLC et al., v. Platinum Properties Investor Network, Inc. et a*l, Case No.  1016-CV35390, in the Circuit Court of Jackson County, Missouri.  The requested discovery and information, including deposition testimony of Hardee and Baker, will require disclosure of confidential information, including but not limited to, documents and information protected by the attorney-client privilege and attorney work-product privilege.

STIPULATED PROTECTIVE ORDER

///

The Parties recognize that in the course of discovery proceedings, it may be necessary to disclose to other parties certain confidential information, but each wishes to ensure that such information is not be used for any purpose other than this lawsuit and is not made public or be otherwise disseminated, beyond the extent necessary for the purposes of this action. To expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the Parties wish to produce documents and things subject to the protective provisions set forth below.

Hardee and Baker's disclosure of information pursuant to the subpoenas served by AMCO relative to this lawsuit and in their depositions  is made in reliance on the provisions of this Protective Order permitting them to designate documents, testimony, information, and things as "Confidential" as defined below, and thereby protect such designated information from unauthorized use or disclosure.

The Parties acknowledge, as set forth in Section 11, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The Parties therefore agree to the terms and conditions set forth below and entry by the Court of this Protective Order.

## B.    <u>GOOD CAUSE STATEMENT</u>

This action involves information and documents that Hardee and Baker claim are protected by the attorney-client privilege and the attorney-work product for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of attorney-client privileged communications and documents, and documents that constitute attorney work-product in the "Underlying Action", (as defined below) that are unavailable to the public and which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to allow and expedite the flow of information from Hardee and Baker, that Plaintiffs claim are in possession of the documents supporting Plaintiffs' claims in this case, as well as any additional relevant documents requested by AMCO in discovery of this case from these third-party witnesses, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information these third-parties contend are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the Parties' intent that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.   SCOPE**

All documents and materials produced by Hardee and Baker   in response to the subpoenas served on them and in giving their depositions in this case (hereinafter collectively "Documents"), are subject to this Protective Order as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.  Any disputes that arise under this Protective Order will be resolved by this Court after the obligation to meet and confer between the parties is met.  Any use of the protected material at trial shall be governed by the orders of the trial judge.  This Protective Order does not govern the use of protected material at trial.  However, the parties agree that Plaintiffs and AMCO will seek to have any Confidential Information disclosed or provided by Hardee or Baker that is used at trial by requesting that those portions of the record be sealed.

///

///

### 4.   <u>**DEFINITION OF CONFIDENTIAL INFORMATION.**</u>

As used in this Protective Order, "Confidential Information" is defined as information that Hardee and Baker designate in good faith, that has been previously maintained in a confidential manner, that should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties, and that has been designated as "CONFIDENTIAL."  For purposes of this Protective Order, Confidential Information is limited to the following categories of information and documents, and the Parties will limit their Confidential designations to the below-described categories:

a.    Documents relating to communications between attorneys and the attorneys' respective clients;

b.    Drafts of letters, pleadings, reports, summaries, memoranda, or other written documents contained within any attorney's litigation file;

c.    Other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information which constitutes, reflects, contains, or concerns non-public, confidential or

proprietary information, the disclosure of which could be potentially prejudicial to the business or operations of the Designating Party.

The Designating Party shall not designate as Confidential Information, documents, or things that are known by the Designating Party to be available to members of the general public.

## 5.   **DESIGNATION OF DOCUMENTARY MATERIAL**.

Documentary material may be designated as CONFIDENTIAL by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the Parties of this Protective Order, the identification and designation of Confidential Information shall be made at the time when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the Parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked CONFIDENTIAL.  No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

STIPULATED PROTECTIVE ORDER

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

## 6.   <u>INADVERTENT FAILURE TO DESIGNATE.</u>

Inadvertent failure to designate any document or material as containing CONFIDENTIAL information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

## 7.   <u>DESIGNATION OF DEPOSITIONS</u>

Deposition or other oral testimony given in this case by Hardee or Baker may be designated as CONFIDENTIAL by them either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within ten (10) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this ten (10) day period, all parties and persons shall treat the testimony as if it has been designated CONFIDENTIAL. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such

other persons authorized to receive the designating party's Confidential Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL with the appropriate legend.

## 8.   **BELATED DESIGNATION.**

Notwithstanding the obligations to timely designate Confidential Information under the foregoing paragraphs, nothing contained in this Order precludes a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Protective Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

**9.   NON-USE.**

 Plaintiffs and AMCO shall use the Confidential Information only for purposes of this litigation and pursuant to this protective order.

**10.   PROTECTION OF CONFIDENTIAL MATERIAL.**

**(a) General Protections.**   Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals [or any other related legal proceeding brought by one of the parties to this litigation].

**(b) Who May View Designated Confidential Information.**   Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

a.      The parties to this litigation, including any employees, agents, and representatives of the parties;

b.      Counsel for the parties and employees and agents of counsel;

c.      The court and court personnel, including any special master appointed by the court, and members of the jury;

d.      Court reporters, recorders, and videographers engaged for depositions;

e.      Any mediator appointed by the court or jointly selected by the parties;

f.      Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

g.      Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

h.      The author or recipient of the document (not including a person who received the document in the course of the litigation);

i.      Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

j.      Other persons only upon consent of the producing party and on such conditions as the parties may agree.

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Confidential Information for any purpose, or (2) any party's

use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing in this Protective Order shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 10(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Confidential Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Confidential Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

## 11.    **FILING CONFIDENTIAL INFORMATION.**

In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (b) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.  A party that seeks to file under seal any material designated as "Confidential" must comply with Civil Local Rule 79-5.  This material may only be filed under seal

pursuant to a court order authorizing the sealing of the specific material at issue. If a party's request to file material designated as "confidential" under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The Parties understand that the requested documents may be filed under seal only with the permission of this court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. *Pro hac vice* attorneys must obtain sealed documents from local counsel.

## 12.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged shall not, by itself, constitute a waiver of the privilege. If a party inadvertently discloses any document or thing containing information that it deemed confidential without designating it as CONFIDENTIAL, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the

receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL under this Order.

### 13. <u>CHALLENGES TO A CONFIDENTIAL DESIGNATION.</u>

The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  The challenging party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*. and in the event a resolution is not reached, the challenging party, after making a good faith effort to meet and confer, shall file a noticed motion.  A party that elects to challenge a confidentiality designation may file and serve a motion in this court  that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

### 14. <u>USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL OR HEARING.</u>

Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or

that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties, including   Hardee and Baker, without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

///

///

## 15. <u>DISCLOSURE OF CONFIDENTIAL INFORMATION TO UNAUTHORISED PERSON(S).</u>

If Confidential Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

## 16. <u>CONCLUSION OF LITIGATION</u>

**(a)** **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect until this action is concluded by judgment, dismissal and/or order of this Court.

**(b)** **Return of Confidential Documents.**  Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product**.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Protective Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**17.**   <u>**MODIFICATION.**</u>

STIPULATED PROTECTIVE ORDER

Stipulations may be made between counsel for the respective parties as to the application of this Protective Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Protective Order.

## 18.    NO PRIOR JUDICIAL DETERMINATION.

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court

## 19.    PERSONS BOUND BY PROTECTIVE ORDER.

This Protective Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms.

## 20.    APPLICABILITY TO PARTIES LATER JOINED.

If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with

the court their written agreement to be bound by the provisions of this Protective Order.

### 21.   CONFIDENTIAL INFORMATION SUBPOENAD OR ORDERED PRODUCED IN OTHER LITIGTION.

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the

subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its

Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November ___, 2015

Respectfully submitted,
**HINES HAMPTON LLP**

By: _____

Christine M. Emanuelson, Esq.
Attorneys for Defendant, AMCO
INSURANCE COMPANY

Dated: November ___, 2015

**ILER LAW FIRM**

By: _____

Doug Iler, Esq.
Attorneys for Plaintiffs, PLATINUM
PROPERTIES INVESTOR NETWORK,
INC. and JASON HARTMAN

THIRD PARTY SIGNATURES & AGREEEMENT TO PROTECTIVE ORDER

Lee R. Hardee III
The Hardee Law Firm LLC

Dated: November, _____ 2015

_____

Lee R. Hardee III
Signing as Third-Party and not as attorney counsel in this litigation
110 South Cherry Street, Suite 103
Olathe, Kansas 66061
Phone:(913)549-4790
Fax: (913) 549-4791
lhardee@thehardeelawfirmllc.com

or

19

STIPULATED PROTECTIVE ORDER

Jeff Baker
Sanders, Warren & Russell, LLP

Dated: November, _____ 2015     _____

Jeff Baker
Signing as Third-Party and not as attorney
or                                      counsel in this litigation
40 Corporate Woods, Ste. 1250
9401 Indian Creek Parkway,
Overland Park, KS 66210
Phone: (913)234-6116
Fax:  (913) 234-6199
jc.baker@swrllp.com

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: <u>November 24, 2015</u>

_____

Jay C. Gandhi, United States Magistrate Judge

## <u>ATTACHMENT A</u>

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Protective

Order dated November____, 2015 in the case captioned, *Platinum Properties*

*Investment Network, Inc.   v. AMCO Insurance, Co.,* Case No. 2:15-mc-00213-

JAR, and attached hereto, understands the terms thereof, and agrees to be bound

by its terms. The undersigned submits to the jurisdiction of the United States

20
STIPULATED PROTECTIVE ORDER

District Court for the District of California  in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:            _____

Job Title:          _____

Employer:          _____

Business Address:  _____ _____

Date:            _____

Signature:          _____

STIPULATED PROTECTIVE ORDER

## **ATTESTATION OF CONCURRENCE IN FILING**

I hereby attest and certify that on November 13, 2015, I received concurrence from Plaintiff's counsel, Doug Iler, Esq., to file this document with his electronic signature attached.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2015.


*/s/ Christine M. Emanuelson*
Christine M. Emanuelson

STIPULATED PROTECTIVE ORDER